IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

CHRIS WARREN, Individually and as Father
and Personal Representative of the Estate of
CHANDLER WARREN, Deceased, and
MICHELLE MILLER, Individually and as
Mother of CHANDLER WARREN, Deceased,

    Plaintiffs,

v.

JOHN BEAN TECHNOLOGIES
CORPORATION d/b/a JBT
AEROTECH; JBT AEROTECH;
JBT CORPORATION; and JBT
CORPORATION d/b/a JBT
AEROTECH,

    Defendants.

No. CT-002725-15
**JURY DEMANDED**

DIV. VIII

## COMPLAINT

COME NOW Plaintiffs Chris Warren, individually and as father and personal representative of the estate of Chandler Warren, deceased and Michelle Miller, individually and as mother of Chandler Warren, deceased, and file this Complaint against Defendants John Bean Technologies Corporation d/b/a JBT AeroTech; JBT AeroTech; JBT Corporation; and JBT Corporation d/b/a JBT AeroTech (hereinafter referred to as "JBT Defendants") and respectfully show as follows:



EXHIBIT A

## PARTIES

1. Plaintiff Chris Warren is the father of Chandler Warren and the duly appointed personal representative of the estate of his deceased son. Plaintiff is a resident of Memphis, Shelby County, Tennessee. Plaintiff Chris Warren is bringing this lawsuit on behalf of all heirs of the Estate of Chandler Warren and is also bringing this lawsuit in his individual capacity as next of kin of his son, Chandler Warren.

2. Plaintiff Michelle Miller is the mother of Chandler Warren. Plaintiff is a resident of Lakeland, Polk County, Florida. Plaintiff Michelle Miller is bringing this lawsuit in her individual capacity as next of kin of her son, Chandler Warren.

3. Plaintiffs Chris Warren and Michelle Miller are the heirs and beneficiaries of the Estate of Chandler Warren. Plaintiffs are before this Court seeking all available damages under all applicable law.

4. Defendant John Bean Technologies Corporation d/b/a JBT AeroTech (hereinafter referred to as "JBT") is a foreign corporation formed in Delaware and licensed to do business in the State of Tennessee, whose principal place of business is 70 W. Madison Street, Suite 4400, Chicago, IL 60602-4546. Defendant JBT may be served by serving its registered agent for service CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, TN 37929-9710.

5. Upon information and belief, Defendant JBT AeroTech is an assumed name of Defendant JBT and service of process on Defendant JBT is sufficient to pursue this claim against Defendant JBT AeroTech. Out of an overabundance of caution, however, Plaintiffs are also naming Defendant JBT AeroTech as an additional named

defendant in this cause. Upon information and belief, Defendant JBT AeroTech is a corporation doing business in the State of Tennessee, whose principal place of business is 70 W. Madison Street, Suite 4400, Chicago, IL 60602-4546. Defendant JBT AeroTech may be served with process by serving both the Tennessee Secretary of State and CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, TN 37929-9710, which is the registered agent for Defendant JBT.

6. Upon information and belief, Defendant JBT Corporation is also an assumed name of Defendant JBT and service of process on Defendant JBT is sufficient to pursue this claim against Defendant JBT Corporation. Out of an overabundance of caution, however, Plaintiffs are also naming Defendant JBT Corporation as an additional named defendant in this cause. Upon information and belief, Defendant JBT Corporation is a corporation doing business in the State of Tennessee, whose principal place of business is 70 W. Madison Street, Suite 4400, Chicago, IL 60602-4546. Defendant JBT Corporation may be served with process by serving both the Tennessee Secretary of State and CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, TN 37929-9710, which is the registered agent for Defendant JBT.

7. Upon information and belief, Defendant JBT Corporation dba JBT AeroTech is likewise an assumed name of Defendant JBT and service of process on Defendant JBT is sufficient to pursue this claim against this defendant as well. Out of an overabundance of caution, however, Plaintiffs are also naming Defendant JBT Corporation dba JBT AeroTech as an additional named defendant in this cause. Upon information and belief, Defendant JBT Corporation dba JBT AeroTech is a corporation

doing business in the State of Tennessee, whose principal place of business is 70 W. Madison Street, Suite 4400, Chicago, IL 60602-4546. Defendant JBT Corporation dba JBT AeroTech may be served with process by serving both the Tennessee Secretary of State and CT Corporation System, 800 S Gay Street, Suite 2021, Knoxville, TN 37929-9710, which is the registered agent for Defendant JBT.

8.  When Plaintiffs refer to the JBT Defendants throughout this Complaint, they are intending to refer to the JBT Defendant(s) responsible for designing, manufacturing and distributing the product that is the subject of this complaint.

## JURISDICTION AND VENUE

9.  This Court has jurisdiction pursuant to inter alia, T.C.A. §16-10-101.

10. Venue is proper in this Court pursuant to inter alia, T.C.A. §20-4-101, because all or part of this cause of action arose within Shelby County, Tennessee.

## THE PRODUCT

11. The subject product of this Complaint is the Commander 30i Loader #45718, model # C-30-R1, Serial # CR3098097 ("Commander 30i loader" or the "Loader"), which was designed, manufactured, and distributed by the JBT Defendants and which Chandler Warren was working with when he was killed on July 2, 2014. The Loader is a piece of cargo handling equipment built by the JBT Defendants, with the full knowledge that it was going to be used to load cargo on airplanes in very loud settings on potentially active runways where noise protecting head gear would be necessary and/or required of the foreseeable operators and users of the Loader for its intended purpose.

12. On or about July 2, 2014, as Chandler Warren was attempting to transfer containers of cargo from a cart to the Loader, a platform of the Loader was lowered while his shoulder was underneath the Loader and he was crushed. Chandler Warren later died from the injuries he sustained in this incident. The Loader failed to have effective safety mechanisms that would alert foreseeable operators and users of the dangers posed as the platform lowers, such as a visual warning system and/or other safety system that would prevent workers from being crushed by the Loader and/or that would warn them to keep all parts of their body away from the path of the descending platform of the Loader. Moreover, the Loader failed to incorporate an accessible and well marked kill switch or similar safety feature incorporated into the lower portions of the Loader that could be used by foreseeable operators, users or other persons to effectuate an emergency stop of the Loader platform during use to prevent serious injuries or death from crush or contact injuries to anyone near the lowering platform during normal use or foreseeable misuse who may come to be in danger. The JBT Defendants further failed to have adequate warning on the Loader. Such safety system(s) or feature(s) being of particular importance in the foreseeable active and time sensitive work environment the Loader is intended for use in, and because of both the inherent visibility issues for the controlling operator who works on top of the Loader who cannot see whether other operators, users or persons may be under or near the Loader as it lowers and the audible communication issues created by the work environment that limit effective communication between operators and users about safety concerns that may arise during use of the Loader during active airport operations.

## THE INCIDENT

13. On or about July 2, 2014 Chandler Warren was an employee of FedEx Corporation ("Fedex") in Memphis, Shelby County, Tennessee and was working as a material handler assisting in the loading of planes.

14. In the early morning hours of July 2, 2014, Chandler Warren reported to work at FedEx and was a material handler on Load Team 14 loading containers or cans onto aircraft.

15. At all times relevant to this matter, Load Team 14 was working with the Loader which was staged at the cargo door of a Boeing 757 cargo aircraft at Gate W557 in the FedEx facility in Memphis, Shelby County, Tennessee.

16. In an attempt to load the aircraft, one of Chandler Warren's co-workers staged the tug and four dollies that Chandler Warren was operating near the Loader. Following this, Chandler Warren joined his co-worker at the left side of the second dolly ("Dolly") near the Loader.

17. One of Chandler Warren's co-workers began laying down the pins at the rear of the container or can, while Chandler Warren walked to the right side of the Dolly at the front of the can and at the right rear of the Loader.

18. Chandler Warren then began laying down the pins at the front right of the can and was leaning and/or reaching over the right rear corner of the Dolly and a portion of his shoulder was underneath a portion of the Loader.

19. While Chandler Warren was preparing the can to be transferred to the Loader, the Loader operator lowered the rear (main) platform. The Loader operator

could not see her co-workers on the ground because of the design of the Loader and upon information and belief, she did not know that a portion of the decedent's shoulder was in the path of the lowering platform. As the platform was moving down, Chandler Warren's co-worker began to yell at him to get out of the way of the lowering platform. The co-worker also yelled for the Loader operator to stop the Loader but neither the Loader operator nor Chandler Warren could hear him. By design, the operator was facing away from her co-workers on the ground, which prevented her from being able to see her co-workers and it was way too loud for her to hear the screams of the co-worker for her to stop the platform. The Loader also did not have a kill switch for the co-worker to engage to save the life of the decedent. Once the Loader operator noticed what was happening, she finally stopped the Loader and raised the platform high enough to clear Chandler Warren. However, it was too late as the corner of the platform had already caught Chandler Warren and crushed him.

20. Chandler Warren was transported via ambulance to Regional One Hospital where he died a few hours later from his injuries.

21. Upon information and belief, the Loader was designed for use in loading aircraft on loud tarmacs in an airport setting, just like the setting where the decedent was killed. The only safety/warning device on the Loader to warn bystanders of its movement was an audible "beeping" noise which was often unable to be heard due to the loud environment of the tarmac and because the workers were wearing earplugs or headphones.

22. A manufacturer or seller of a product has a duty to comply with federal and state codes, statutes, rules, regulations, and standards which are relevant to the event causing the death and which are designed to prevent the type of harm that occurred in this case. Breach of this duty by a manufacturer, importer/distributor or seller creates a rebuttable presumption that the product is defective or unreasonably dangerous and that the manufacturer, importer/distributor and/or seller are liable. The Loader was an unreasonably dangerous product for the reasons set forth in this complaint and the JBT Defendants are strictly liable for the death of Chandler Warren.

## STRICT LIABILITY

23. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

24. The JBT Defendants are in the business of designing, manufacturing, marketing, distributing and selling cargo loading equipment including the Commander 30i loader.

25. The JBT Defendants placed the Loader in the market with knowledge that it would be used without inspection for defects or unknown dangers. The JBT Defendants knew or should have known that ultimately users or consumers would not and could not properly inspect this product for defects and dangerous conditions and that detection of such defects and dangers would be beyond the capabilities of such persons.

26. The Commander 30i loader was defective and unreasonably dangerous to material handlers or other individuals, including Chandler Warren, when sold and distributed by the JBT Defendants. The Commander 30i loader was designed,

manufactured, assembled, sold and/or supplied in an unsafe, unreasonably dangerous and defective condition in the following ways:

   a. The Commander 30i loader was designed, manufactured, assembled, sold, and/or supplied without an effective and reliable warning system(s) incorporated to protect and warn individuals such as Chandler Warren when the platform was being lowered;

   b. The Commander 30i loader was designed, manufactured, assembled, sold and/or supplied without a "kill switch" or similar safety system which would enable bystanders to stop the lowering of the platform in the event of an emergency;

   c. The Commander 30i loader was designed, manufactured, assembled, sold and/or supplied without incorporating technologically and economically available alternative designs or safety mechanisms such as flashing warning lights, a motion detecting laser or other warning features that would warn an individual that the platform of the loader was being lowered;

   d. The Commander 30i loader was designed, manufactured, assembled, marketed, sold and/or supplied without adequate inspection, testing, and analysis to ensure same was safe for use and free of defects in light of the foreseeable risks, dangers and hazards to users, operators or other individuals created by the intended or foreseeable uses or misuses of the Commander 30i loader while operated; and

   e. The Commander 30i loader was designed, manufactured, assembled, marketed, sold and/or supplied without adequate warnings of the risks addressed herein that were known or knowable to the JBT Defendants in light of the generally recognized and prevailing best scientific or other knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

27. On July 2, 2014, the date of the incident in question, the Loader was substantially unchanged from its condition as set forth above when sold and distributed by the Defendants.

28. The JBT Defendants knew or should have known of the unreasonably dangerous condition that its Commander 30i loader created when used by material handlers or other individuals, including Chandler Warren.

29. The dangerous and defective nature of the Commander 30i loader would not be obvious to a lay person who did not have actual and/or special knowledge of the risks created by the use and potential for failure of the Commander 30i loader's warning systems during use.

30. The JBT Defendants failed to disclose the existence of such hazardous condition, namely the defective and unreasonably dangerous condition of the Commander 30i loader, which it knew or should have known of before the subject incident.

31. For the reasons set above, the Loader was defective and unreasonably dangerous to material handlers and other individuals, including Chandler Warren who utilized it in an ordinary and foreseeable manner.

32. The defects and unreasonably dangerous conditions described above and the JBT Defendants' failure to disclose the existence of such hazardous conditions, directly and proximately caused the catastrophic injuries of Chandler Warren in that they directly and in natural and continuous sequence produced or contributed substantially to his death.

## NEGLIGENCE

33. The allegations set forth in the previous paragraphs of this Complaint are incorporated herein by reference.

34. The JBT Defendants designed, manufactured, marketed, distributed and sold the Commander 30i loader.

35. The JBT Defendants knew or, in the exercise of due care, should have known that the Commander 30i loader would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable zone of risk of harm to users, including Chandler Warren. JBT Defendants were under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute, and sell the Commander 30i loader in a reasonable safe condition, so as not to present a danger to members of the general public who reasonably and expectedly under ordinary circumstances would come into contact with the Commander 30i loader, including Chandler Warren. The JBT Defendants breached such duty.

36. The JBT Defendants placed the Loader in the market with knowledge that it would be used without inspection for defects or unknown dangers.

36. The JBT Defendants knew or should have known that ultimately users or consumers would not and could not properly inspect this product for defects and dangerous conditions and that detection of such defects and dangers would be beyond the capabilities of such persons. The Commander 30i loader was defective and unreasonably dangerous to operators, users and other individuals, including Chandler Warren, when sold and distributed by the JBT Defendants.

37. Defendants breached their duty of reasonable care owed to Mr. Warren in one or more of the following ways:

   a. Failing to ensure the Commander 30i loader was designed, manufactured, assembled, sold, and/or supplied so as not to be unsafe, unreasonably dangerous, or defective in that it failed to have an effective and reliable warning system(s) incorporated to protect and warn individuals such as Chandler Warren when the platform was being lowered;

   b. Failing to ensure the Commander 30i loader was designed, manufactured, assembled, sold and/or supplied with a "kill switch" or similar system which would enable bystanders to stop the lowering of the platform in the event of an emergency;

   c. Failing to ensure the Commander 30i loader was designed, manufactured, assembled, sold and/or supplied incorporating technologically and economically available alternative designs or safety mechanisms such as flashing warning lights, a motion detecting laser or other warning features that would warn an individual that the platform of the loader was being lowered;

   d. Failing to ensure the Commander 30i loader was designed, manufactured, assembled, marketed, sold and/or supplied with adequate inspection, testing, and analysis to ensure same was safe for use and free of defects in light of the foreseeable risks, dangers and hazards to users, operators or other individuals created by the intended or foreseeable uses or misuses of the Commander 30i loader while operated; and

   e. Failing to ensure the Commander 30i loader was designed, manufactured, assembled, marketed, sold and/or supplied with adequate warnings of the risks addressed herein that were known or knowable to the JBT Defendants in light of the generally recognized and prevailing best scientific or other knowledge available at the time of manufacture and distribution, including the use of appropriate warning stickers, placards, or documentation to alert users regarding the hazardous conditions described herein.

38. The negligence described in Paragraph 37 above directly and proximately caused the incident and injuries sustained by Chandler Warren in that it directly and in natural and continuous sequence produced or contributed substantially to his death.

39. As a result of the foreseeable consequences of Defendants actions, Chandler Warren and his Estate have suffered damages.

## DAMAGES

40. As a result of the death of Chandler Warren, the estate of Chandler Warren has suffered damages, including the loss of earning capacity of the decedent, pain and suffering of the decedent before his death, medical and funeral expenses that were paid by or on behalf of decedent. The parents of the decedent have suffered damages, including, but not limited to, mental pain and suffering because of the death of their son, loss of companionship and relationship and loss of consortium and all of these elements of damages are part of the pecuniary value of this estate. Plaintiffs would also request an award of any and all other damages available under any applicable law, including punitive damages if the proof in this case warrants such an award.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Chris Warren, individually and as the father and personal representative of the estate of Chandler Warren, deceased, and Plaintiff Michelle Miller, individually and as the mother of Chandler Warren, deceased, demand a judgment jointly and severally against these Defendants for compensatory damages in the amount of $5,000,000.00 together with costs, pre-judgment, and post-judgment interest, and for such other further relief to which this Court deems appropriate and hereby demands a trial by jury.

Respectfully submitted,

Jeffrey S. Rosenblum #13626
Rosenblum & Reisman, P.C.
6070 Poplar Avenue, Suite 550
Memphis, TN 38119
(901) 527-9600
jeffr@randrfirm.com

(CIRCUIT/CHANCERY) COURT OF TENNESSEE
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

## SUMMONS IN CIVIL ACTION

Docket No. CT-002725-15

☉ Lawsuit
○ Divorce

Ad Damnum $ _____

| Plaintiff(s) | | Defendant(s) |
|---|---|---|
| Chris Warren, Individually and as Father and Personal Representative of the Estate of Chandler Warren, Deceased; and Michelle Miller, Individually and as Mother of Chandler Warren, Deceased, | VS | John Bean Technologies Corporation d/b/a JBT AeroTech; JBT AeroTech; JBT Corporation; and JBT Corporation d/b/a JBT AeroTech, |

TO: (Name and Address of Defendant (One defendant per summons))

John Bean Technologies Corporation d/b/a JBT AeroTech
c/o CT Corporation System, Registered Agent
800 S. Gay Street, Suite 2021
Knoxville, TN 37929-9710

Method of Service:
○ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
☉ Private Process Server
○ Other
($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and serving a copy of your answer to the Complaint on Jeffrey S. Rosenblum Plaintiff's attorney, whose address is 6070 Poplar Ave. #550 Memphis, TN 38119, telephone 9015279600, within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED  June 26 2015

By _____, D.C.

TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court,
Shelby County, Tennessee, certify this to be a true and
accurate copy as filed this

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

By: _____, D.C.

### RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the ____1____ day of ____July____, 20_15_ at _9:50_ A M. a copy of the summons and a copy of the Complaint to the following Defendant __John Bean Technologies Corporation__ at __800 S. Gay St #2021, Knoxville TN 37929__

_____
Signature of person accepting service

By: __Jennifer Pratt__
Sheriff or other authorized person to serve process

### RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____
Sheriff or other authorized person to serve process