# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

CHRIS WARREN, Individually and as Father
and Personal Representative of the Estate of
CHANDLER WARREN, Deceased, and
MICHELLE MILLER, Individually and as
Mother of CHANDLER WARREN, Deceased,

    Plaintiffs,

                              NO.:   2:15-cv-02497 JPM/dkv

vs.                                      JURY DEMANDED

JOHN BEAN TECHNOLOGIES
CORPORATION d/b/a JBT
AEROTECH; JBT AEROTECH;
JBT CORPORATION; and JBT
CORPORATION d/b/a JBT
AEROTECH,

    Defendants.

---

## ANSWER

---

**COME NOW** Defendants, John Bean Technologies Corporation d/b/a JBT Aerotech; JBT Aerotech; JBT Corporation; and JBT Corporation d/b/a JBT Aerotech ("JBT"), by and through counsel of record, and for their Answer to the Plaintiffs' Complaint filed herein against them would respectfully and state and show as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted and Defendants move that it be dismissed.

**SECOND DEFENSE**

Now for more particular answer to the individual allegations of the Complaint, paragraph by paragraph, the Defendants state as follows:

1. Defendants lack sufficient information to either admit or deny the allegations in paragraph 1 of the Complaint.

2. Defendants lack sufficient information to either admit or deny the allegations in paragraph 2 of the Complaint.

3. Defendants lack sufficient information to either admit or deny the allegations in paragraph 3 of the Complaint.  Defendants deny that they are liable to Plaintiffs for damages under any applicable law.

4. The allegations of paragraph 4 of the Complaint are admitted.

5. The allegations of the first sentence of paragraph 5 of the Complaint are admitted but it is denied that the named entities are proper party defendants.

6. The allegations of the first sentence of paragraph 6 of the Complaint are admitted but it is denied that the named entities are proper party defendants.

7. The allegations of the first sentence of paragraph 7 of the Complaint are admitted but it is denied that the named entities are proper party defendants.

8. The allegations of paragraph 8 of the Complaint require no response.

9. The allegations of paragraph 9 of the Complaint references jurisdiction in state court and is inapplicable to this action.  Defendants admit that this Court has jurisdiction to hear this matter.

10. The allegations of paragraph 10 of the Complaint references venue in state court and is inapplicable to this action.  Defendants admit that venue lies in United States District Court for the Western District of Tennessee, Western Division.

11. Defendants lack sufficient information to form a belief as to the allegations of paragraph 11 of the Complaint and, therefore, deny same.

12. Defendants lack sufficient information to form a belief as to the allegations of the first and second sentences of paragraph 12 of the Complaint and, therefore, deny same. The allegations of the third sentence of paragraph 12 of the Complaint are denied. Defendants deny that the Loader did not have a "kill switch" on its lower portion as alleged in fourth sentence of paragraph 12 of the Complaint. The allegations of the fifth and sixth sentences of paragraph 12 of the Complaint are denied.

13. Upon information and belief, the allegations of paragraph 13 of the Complaint are admitted.

14. Upon information and belief, the allegations of paragraph 14 of the Complaint are admitted.

15. Upon information and belief, the allegations of paragraph 15 of the Complaint are admitted.

16. Defendants lack sufficient information to form a belief as to the allegations of paragraph 16 of the Complaint and, therefore, deny same.

17. Defendants lack sufficient information to form a belief as to the allegations of paragraph 17 of the Complaint and, therefore, deny same.

18. Defendants lack sufficient information to form a belief as to the allegations of paragraph 18 of the Complaint and, therefore, deny same. If Chandler Warren positioned any portion of his body underneath the Loader while its platform was in the up position, he did this, upon information and belief, in violation of specific training he received from his employer, Federal Express.

19. Defendants admit that the Loader platform crushed Chandler Warren. As to the specifics of how the accident happened, Defendants lack sufficient information to form a belief as to these allegations of paragraph 19 of the Complaint and, therefore, deny same. If the Loader operator lowered the platform at a time when she could not visualize all of her co-workers, she did so, upon information and belief, in direct violation of Federal Express' rules and in contravention of the warnings contained in the Loader user manual. Defendants affirmatively aver that the Loader had a kill switch on its lower level.

20. The allegations of paragraph 20 of the Complaint are admitted.

21. The allegations of the first sentence of paragraph 21 of the Complaint are admitted. The allegations of the second sentence of paragraph 21 of the Complaint are denied.

22. Defendants move to strike the first two sentences of paragraph 22 of the Complaint as they fail to set forth with any particularity the federal or state code, rule, regulation or standard allegedly not met with respect to the Loader. To the extent an answer is required to the first two sentences of this paragraph of the Complaint, the allegations are denied. The allegations of the third sentence of paragraph 22 of the Complaint are denied.

23. The allegations of paragraph 23 of the Complaint require no answer.

24. The allegations of paragraph 24 of the Complaint are admitted.

25. The allegations of paragraph 25 are denied.

26. The allegations of paragraph 26 of the Complaint are denied.

27. Defendants lack sufficient information to form a belief as to the allegations of paragraph 27 of the Complaint and, therefore, deny same.

28. The allegations of paragraph 28 of the Complaint are denied.

29. The allegations of paragraph 29 of the Complaint are denied. Defendants affirmatively aver that any risk associated with the lowering of the Loader platform were open

and obvious for all to see.  Upon information and belief, Chandler Warren had been trained and instructed by his employer with respect to any dangers presented should he place any part of his body under the Loader while it was in operation.

30. The allegations of paragraph 30 of the Complaint are denied.

31. The allegations of paragraph 31 of the Complaint are denied.

32. The allegations of paragraph 32 of the Complaint are denied.

33. The allegations of paragraph 33 of the Complaint require no response.

34. The allegations of paragraph 34 of the Complaint are admitted.

35. The allegations of paragraph 35 of the Complaint are denied.

36. The allegations of both paragraphs 36 of the Complaint are denied.

37. The allegations of paragraph 37 of the Complaint are denied.

38. The allegations of paragraph 38 of the Complaint are denied.

39. The allegations of paragraph 39 of the Complaint are denied.

40. Defendants deny that Plaintiffs are entitled to any of the relief set forth in their prayer for relief.

41. Any allegation not heretofore admitted, explained or denied is now denied as if done so verbatim.

## THIRD DEFENSE

Defendants deny that they are liable to the Plaintiffs under any theory of law or in any amount whatsoever.

## FOURTH DEFENSE

The Plaintiffs' claims are barred by the applicable statutes of limitation and the products liability statute of repose found at T.C.A. § 29-28-104.

### FIFTH DEFENSE

Defendants affirmatively aver that the Loader was not in a defective condition or unreasonably dangerous at the time it left their control.

### SIXTH DEFENSE

Defendants affirmatively aver that the crush hazard alleged by Plaintiffs was apparent to any ordinary user and, as a consequence, it had no duty to warn of such dangers.

### SEVENTH DEFENSE

Defendants affirmatively assert and rely upon all provisions contained in the Tennessee Products Liability Act, T.C.A. § 28-28-101 et seq. and they incorporate said Act in their Answer as if specifically set forth verbatim herein and rely upon said Act in defense of the matters asserted in the Complaint.

### EIGHTH DEFENSE

The alleged incident and the Plaintiffs' alleged damages were caused by or contributed to by persons or entities (including, but not limited to Chandler Warren, Brittany Goliday and Federal Express) other than Defendants and over whom Defendants had no control, and/or resulted from an independent cause beyond the control of Defendants and for which they are not liable. Defendants therefore rely upon the defenses of comparative fault and superseding and intervening cause.

### NINTH DEFENSE

Without admitting that Plaintiffs have set forth any cause of action against the Defendants, and by way of pleading in the alternative, if the Plaintiffs' injuries, damages or losses were directly, proximately and legally caused by the negligent acts and/or omission of the part of the servants, agents or employees of Federal Express, including by not limited to Brittany

Goliday, and/or other unknown parties then such negligence and negligence per se would serve as a complete and total bar to any recovery herein by the Plaintiffs against these Defendants.

### TENTH DEFENSE

Defendants aver that the alleged incident described in the Complaint as well as the alleged injuries, damages and losses were directly, proximately and legally caused or contributed to by the negligent acts and/or omissions on the part of Chandler Warren.  Such negligence on the part of Chandler Warren serves as a complete and total bar to any recovery herein by Plaintiffs.  Alternatively, the negligence on the part of Chandler Warren serves to reduce, diminish, or mitigate damages otherwise recoverable by Plaintiffs under the doctrine of comparative fault.

### ELEVENTH DEFENSE

Defendants state that the occurrences referred to in the Complaint and resulting injuries and damages, if any, occurred notwithstanding the exercise of reasonable care on the part of the Defendants and was therefore an unavoidable result that bars any recovery against them.

### TWELFTH DEFENSE

Defendants complied with any applicable Federal or State Statutory and Administrative regulations existing at the time the Loader was manufactured and sold.  By complying with the prescribed standards, Defendants have a rebuttable presumption that the Loader was not in an unreasonably dangerous condition in regard to matters covered by the standards when it left their control and possession.

### THIRTEENTH DEFENSE

Defendants reserve the right to rely on the doctrine of spoliation to the extent that they have been prejudiced in their ability to make an appropriate investigation in order to prepare defenses on their behalf.

## **FOURTEENTH DEFENSE**

Chandler Warren knowingly and unreasonably assumed the risk of harm and injury when he ignored his training and the warnings posted on the Loader and, upon information and belief, placed part of his body under the Loader at a time when the platform was in a raised position.

Now having fully answered, the Defendants pray that the Complaint against them be dismissed and they be awarded their reasonable attorney's fees.

    Respectfully submitted,

    **GLANKLER BROWN, PLLC**

    /s/ Robert B. C. Hale
    Louis F. Allen (BPR # 8783)
    Robert B. C. Hale (BPR # 13261)
    6000 Poplar Avenue, Suite 400
    Memphis, Tennessee 38119
    (901) 525-1322 Telephone
    (901) 525-2389 Facsimile
    Emails:  lallen@glankler.com
             rhale@glankler.com

    *Attorneys for Defendants John Bean Technologies Corporation d/b/a JBT Aerotech, JBT Aerotech, JBT Corporation and JBT Corporation d/b/a JBT Aerotech*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served on the following counsel of record via the Court's electronic filing system this the 4th day of August, 2015:

Jeffrey S. Rosenblum, Esquire
Rosenblum & Reisman, P.C.
6070 Poplar Avenue, Suite 550
Memphis, Tennessee  38119

/s/ Robert B. C. Hale

ND 4837-2841-6805, v.  1