IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

CHRIS WARREN, individually and as
Father and Personal Representative of
the Estate of CHANDLER WARREN,
Deceased, and MICHELLE MILLER,
Individually and as Mother of
CHANDLER WARREN, Deceased,

      Plaintiffs,                          Docket No.: 2:15-cv-2497

vs.                                          JURY DEMANDED

JOHN BEAN TECHNOLOGIES
CORPORATION d/b/a JBT
AEROTECH; JBT AEROTECH;
JBT CORPORATION; and JBT
CORPORATION d/b/a JBT
AEROTECH,

      Defendants,

**NOTICE OF TAKING THE ORAL AND VIDEOTAPED DEPOSITION OF
DEFENDANT, JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT
AEROTECH'S CORPORATE REPRESENTATIVE(S) DUCES TECUM**

      PLEASE TAKE NOTICE that, on **January 26, 2016, at 9:00 a.m.** at **Didier Law Firm, P.A., 1203 N. Orange Avenue, Orlando, Florida 32804,** Plaintiff will take the oral and video deposition of John Bean Technologies Corporation d/b/a JBT Aerotech's (hereinafter "JBT") Corporate Representative(s) to testify upon oral examination before an officer authorized by the Federal Rules of Civil Procedure to take such oral and videotaped deposition, which deposition may be used at the trial of this cause. This deposition will continue day to day as needed until completed.

      The deponent shall be prepared to testify as to the TOPICS outlined in **Schedule "A"** pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, and produce for purposes of

questioning and discussion the documents and materials related to said TOPICS as are hereby requested pursuant to Rule 34 of the Federal Rules of Civil Procedure, to be produced within thirty (30) days <u>and</u> at the designated time and place of deposition.

Respectfully submitted,

 /s/Jeffrey S. Rosenblum
Jeffrey S. Rosenblum, #13626
Matthew T. May, #25547
ROSENBLUM & REISMAN PC
6070 Poplar Avenue #550
Memphis, TN  38119
(901) 527-9600
jeffr@randrfirm.com
Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been forwarded to all parties via electronic mail, this 7th day of December, 2015.

 /s/ Jeffrey S. Rosenblum

## SCHEDULE "A"

1. The corporate history of JOHN BEAN TECHNOLOGIES CORPORATION d/b/a JBT AEROTECH, JBT AEROTECH, JBT CORPORATION, and JBT CORPORATION d/b/a JBT AEROTECH (hereinafter "JBT Defendants" collectively for ease of reference), and, how each JBT Defendant entity is organized, operates or functions and the respective involvement of each, as known, relative to the issues raised in Plaintiffs' Complaint in this action.

2. The history and nature of the relationship of the JBT Defendants with FedEx over time, inclusive of the services, materials, equipment, consultation, professional services, repairs, maintenance, or any other types of contacts or interactions of any type, and what documentation, contracts or communications memorialize, reflect or evidence same over time up until the accident on July 2, 2014, wherein Mr. Chandler Warren was fatally injured as detailed in Plaintiffs' Complaint in this action (hereinafter "Subject Accident" for ease of reference).

3. All of your knowledge of the history and details about the design, testing, manufacture, marketing, distribution, sale, re-design, re-testing, re-manufacture, re-badging, and subsequent distribution or sale of the Commander 30i Loader (hereinafter "Subject Commander 30i Loader" for ease of reference) to FedEx, or any related entit(ies) or compan(ies) as known to you over time, that was involved in the Subject Accident.

4. All of your knowledge of the role of any persons or entities whom were responsible for, or involved in, the the design, testing, manufacture, marketing, distribution, sale, re-design, re-testing, re-manufacture, re-badging, and subsequent distribution or sale of the Subject Commander 30i Loader prior to the Subject Accident, inclusive of FedEx or any related entit(ies) or compan(ies).

5. The parts lists, design drawings, specifications, electrical and mechanical details, and the quality control and testing materials or documents that exist relative to the Subject Commander 30i Loader involved in the Subject Accident.

6. The practices, procedures, corporate knowledge, historical documentation, and any other materials or information which define and describe the JBT Defendants research, design, development, testing, cost analysis, design revision(s), and design evaluation processes as were applied, referenced, considered or used by same to ensure the safe functional/ operational condition, status or configuration of the Subject Commander 30i Loader for use by FedEx or any related entit(ies) or compan(ies) prior to and including the date of the Subject Accident.

7. All FedEx related documents, employee or user manuals, operational or functional instructions, training materials or instructional documentation; product orders, invoices, specifications, warnings materials or on-product stsickers or placard, or any other items

or information the JBT Defendnats have, and what of those materials are claimed or asserted by the JBT Defendants to reflect or evidence the role of FedEx, or any related entit(ies) or compan(ies), in design or "features" choices or decisions that were made that resulted in the ultimate functional/ operational condition, status or configuration of the Subject Commander 30i Loader as of the Subject Accident.

8. The changes, alterations, modifications, repairs, maintenance, or re-configurations done or undertaken by the JBT Defendants, or any other person(s), entit(ies) or compan(ies), over time that resulted in the Subject Commander 30i Loader's ultimate functional/ operational condition, status or configuration as of the day of the Subject Accident as known to you.

9. The intended use of the Subject Commander 30i Loader as known to you.

10. The expected or typical locations and enviromental conditions for use of the Subject Commander 30i Loader as known to you.

11. The policies, procedures, guidelines, or practices, in whatever form, concerning the JBT Defendants' safety philosophy, and the approach or methods by which the JBT Defendants ensure that their products are safe for use, specifically when such products are heavy equipment, like the Subject Commander 30i Loader, with all of the attendant risks known of same to companies like the JBT Defendants.

12. What are the internal or external standards, regulations, rules, guidelines, performance targets, policies, or practices of your company relative to identifying, selecting, testing, procuring, and selling safe loaders or other pieces of heavy equipment, and, of those, which were considered, used or applied with respect to the JBT Defendants sale of the Subject Commander 30i Loader.

13. The use of engineering safety hierarchies, design-guard-warn principles, or similar safety engineering concepts, rules, guidelines or processes to ensure that the Subject Commander 30i Loader was reasonably safe for use in light of foreseeable uses or misuses under the conditions of its known operational environment.

14. The efforts undertaken by the JBT Defendants to examine, study, document and understand the risks posed to users of the Subject Commander 30i Loader while it is in use, as well as the risks to others who may come to be close to same while in use, and, what contributing factors were identified as being associated with the risks, phenomenon, event or occurrence of potential injuries to users or other persons who may come into contact with same while being used, and what was the resulting information, data, hypothesis, and conclusions that came from same of which the JBT Defendants are aware.

15. The compliance of the Subject Commander 30i Loader with any federal, state, industry, or other standards or guidlelines, inclusive of European standards or guidelines as are

        known to the JBT Defendants, that relate to the safe design or performance characteristics of the Subject Commander 30i Loader.

16. The competitive loaders to the Subject Commander 30i Loader, and their safety features or designs as known to you that may have served to prevent the Subject Accident from happening if incorporated.

17. The nature of any other machines or heavy equipment the JBT Defendants are invovled in designing, manufacturing, modifying, maintaining, repairing, re-working, distributing or selling, and the functions and features of such machines or heavy equipment, specifically safety features intended to prevent injuries.

18. All of your knowledge of the use of safety systems or features on any other similar loaders or other heavy equipment that are economically and technologically feasible and capable of being used or incorporated into the Subject Commander 30i Loader for safety reasons, namely the prevention of impact injuries due to movement of the loader during use.

19. The acquisition, evaluation, analysis, testing, reverse engineering or any similar efforts or related considerations undertaken by the JBT Defendants relative to safety design considerations for the Subject Commander 30i Loader, and any documents, data, testing and materials in the possession of, or available to, the JBT Defendants that evidence or reflect same.

20. All of your knowledge of any and all testing done relative to the functioning of the Subject Commander 30i Loader relative to safety considerations during use, inclusive of any design and development related testing, Hazard Analysis, Failure Mode and Effects Analysis (FMEA) or Product Safety Review testing, federal certification testing, european certification testing, manufacturing or production testing related to quality control or quality assurance, testing from prior or ongoing testing related to any litigation, or, any other testing that you have any knowledge of that may have done by the JBT Defendants or any other third-party(ies) at any time prior to the Subject Accident for any reason relative to the Subject Commander 30i Loader or substantially similar product(s).

21. The complete list of risks or hazards identified by the JBT Defendants relative to the potential for harm to users or persons who may come near to the Subject Commander 30i Loader during use, and, the nature of all safety features utilized to address same.

22. The JBT Defendants' consideration of safer, economically and technologically feasible or available alternative designs to that of an audible alarm as was chosen for use on the Subject Commander 30i Loader.

23. The JBT Defendants' consideration of safer, economically and technologically feasible locations for the effective placement and use in emergencies of manual or automatic cut-off switches or interlocks as could be used on the Subject Commander 30i Loader.

24. The information, product materials, instructions, warranty documents or cards, warnings or other materials, if any, provided by the JBT Defendants in selling the Subject Commander 30i Loader.

25. The direct or indirect marketing, promotions and sales efforts that have been undertaken by the JBT Defendants relative to selling the Subject Commander 30i Loader.

26. Any and all warranty claims of which you know relative to any Commander 30i Loaders as sold by the JBT Defendants, including the nature of the claims.

27. Any and all incidents, consumer complaints, and lawsuits that exist of which the JBT Defendants know involving Commander 30i Loaders, and the details of same.

28. The information known to the JBT Defendants of the Subject Accident.

29. The supporting facts, evidence, witnesses and materials that the JBT Defendants assert support their Affirmative Defenses as asserted in this case.

30. The insurance policies or indemnity agreements, including any excess or umbrella policies, that provide coverage or otherwise act to protect the JBT Defendants from damages as sought by the Plaintiffs' Complaint.

31. How and what was done by the JBT Defendants to identify, produce and verify that all documents and materials relative to discovery in this case have been provided in full (or otherwise appropriately designated as work product or attorney client type materials in a privilege log), inclusive of the documents and materials related to the TOPICS contained herein, as of this corporate representative deposition.

32. What are the JBT Defendants document retention policies, and, what, if any, documents do the JBT Defendants claim or understand may have been in their possession over time as addressed herein, but are no longer available as a result of the implementation or application of same.